In re FIVE DAMES, INCORPORATED a/k/a Five Dames, Debtor.

Bankruptcy No. 80–00327–BKC–TCB.

United States Bankruptcy Court, S. D. Florida.

Sept. 17, 1981.

Arthur S. Weitzner, Coral Gables, Fla., for Trustee.

William Townsend, Staff Atty., Dept. of Revenue, State of Florida, Tallahassee, Fla.

## ORDER DETERMINING TRUSTEE'S LIABILITY FOR SALES TAX

THOMAS C. BRITTON, Bankruptcy Judge.

This debtor operated a restaurant in premises leased from Cherry Grove, Ltd.

The debtor filed for bankruptcy on March 24, 1980.

In the course of liquidating the debtor's estate, the trustee reinstated the lease by payment of the past due rent and assigned the lease to a purchaser who bought the debtor's restaurant fixtures and furnishings.

Incident to that transaction, the trustee sought a determination of the amount necessary to reinstate the lease. (C.P. No. 27). This court fixed the amount payable to the landlord, Cherry Grove, for "all rents due pursuant to said Lease" to be $10,395.50. That sum was paid over to the landlord. At the same time, this court provided:

"3. Concerning those items designated as tax on the accounting, which is normally collectible by Lessors pursuant to F.S. 212, this has been withheld at the request of the trustee who disputes liability of this assessment and will be payable directly by the Trustee to the State of Florida, Department of Revenue, in the event that it is successfully determined that the State of Florida has a valid administrative claim for which the Court retains jurisdiction to determine on an administrative basis pursuant to § 503(b)(1)(B) U.S.B.C. but to be further determined after notice and hearing with the taxing authority." (C.P. No. 31).

The amount of tax escrowed by the trustee in compliance with this order is $415.82.

The trustee's amended motion to determine tax liability states that:

"the trustee held said property solely for purposes of resale and otherwise, the use of occupancy utilized by the trustee is not within the contemplation of the statute as a taxable event."

This court has jurisdiction to determine tax liability under 11 U.S.C. § 505(a)(1); 3 *Collier on Bankruptcy* (15th ed.) ¶ 505.04.

There has been no response by the Department of Revenue. The trustee has not briefed the question.

In Florida, the privilege of leasing real property is subject to an excise tax of four percent of the total rent charged. § 212.031(1)(c), Florida Statutes. The tenant is required to pay the tax to the landlord who is required to remit the tax to the State. The tax constitutes a lien on the property. § 212.031(2)(a), (3) and (4). There is no provision for exemption from this tax in connection with a lease held solely for resale. The Florida sales tax on the sale of tangible personal property is confined to retail sales. § 215.05. However, this provision has no application to the tax on leases.

Section 212.08(6) does exempt sales made to the federal government:

> "There shall also be exempt from the tax imposed by this chapter sales made to the United States government, the state, or any county, municipality or political subdivision of this state...".

The bankruptcy trustee, as an agent of the federal government, acting in that capacity is exempted from payment of any tax imposed by chapter 212, including this tax. The fact that the tax is payable to the landlord, who is then required to remit the tax to the State does not alter the fact that the tax is imposed in this instance on the trustee. Similarly, the fact that creditors, who are not otherwise exempted from this tax, will benefit from this exemption, is also immaterial. *Green v. Eglin AFB Housing, Inc.*, Fla.App.1958, 104 So.2d 463. I conclude that there is no liability for payment of the tax in question.